UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GABRIEL JAMES BROWN, JR.,

    Petitioner,

v.                                       Case No:  8:16-cv-1749-T-30MAP
                                         Crim. Case No: 8:13-cr-108-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OF DISMISSAL

THIS CAUSE is before the Court on Petitioner Gabriel Brown's motion, under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence. (CV Dkt. 1). Petitioner seeks relief in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. Petitioner, whose conviction became final in 2014, argues that he is entitled to sentence relief because the *Johnson* holding renders his sentence under a similar sentencing provision, 18 U.S.C. § 924(c), unconstitutional as well. In short, he argues that because *Johnson* entitles him to sentence relief, it likewise renders his motion timely. *See* 28 U.S.C. § 2255(f) (granting a one-year limitations period in which to file a petition from "the date on which the right asserted was initially recognized by the

Supreme Court . . . ."). The government filed a motion to dismiss Petitioner's motion as untimely (Dkt. 3), arguing primarily that the *Johnson* holding did not extend to Petitioner's sentence and thus no new right applicable to Petitioner has been recognized by the Supreme Court. Petitioner responded (Dkt. 4) and provided a Notice of Supplemental Authority (Dkt. 8), and the government replied (Dkt. 7). The Court has carefully reviewed these filings and the applicable law and concludes that *Johnson* does not entitle Petitioner to any relief. His Petition will be dismissed.

## BACKGROUND

In June 2013, Petitioner, indicted on multiple counts, entered into an agreement with the government to plead guilty to Counts IX and XI: brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (C)(i). In exchange, the government dismissed the other counts against him. (DR Dkt. 37). The Court accepted Petitioner's plea and sentenced him on September 19, 2013. (CR Dkts. 48, 75).

Petitioner received a sentence of 30 months' imprisonment for Count IX and 30 months' imprisonment for Count XI, to run consecutively, for a total term of 60 months' imprisonment. Petitioner's sentence was imposed under § 924(c)(1)(A)(i), which provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years . . . .

That same statute defines "crime of violence" as one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. 924(c)(3)(B).

Petitioner did not file a direct appeal.

## DISCUSSION

Now Petitioner seeks relief under 28 U.S.C. § 2255, which permits prisoners in custody to collaterally challenge the sentences imposed on them as unconstitutional. Petitioner's motion was filed on June 24, 2016, well outside the one-year period within which to file such a motion, beginning on the day the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Petitioner contends, however, that his motion is timely under § 2255(f)(3), which states that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The newly recognized right asserted by Petitioner is the Supreme Court's recent decision in *Johnson*, 135 S. Ct. at 2563. There, the Supreme Court concluded that the residual clause of the ACCA, which increases the minimum-required sentence of certain recidivist felons, was unconstitutionally vague. (CV Dkt. 1). And that right was made retroactive by another Supreme Court decision, *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner argues that the retroactive *Johnson* holding applies to his sentence and, specifically, makes it unconstitutional.

The Court finds that it does not, as many courts in this district and elsewhere have similarly found. *See, e.g.*, *United States v. Torres*, Nos. 8:16-cv-1525-T-23MAP, 2016 WL 3536839, *3 (M.D. Fla. June 28, 2016) ("*Johnson* rendered the residual clause of [the ACCA] invalid. It spoke not at all about the validity of the definition of a crime of violence found in § 924(c)(3).") (Merryday, C.J.) (quoting *In re Hines*, 824 F.3d 1334, 1336 (11th Cir. 2016)). *Johnson*, in short, is inapposite. Though the definition of "crime of violence" in § 924(c) is similar to the language of the ACCA's now-invalidated residual clause, the Supreme Court's holding regarding the language in the latter was explicitly confined: "We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The Court agrees with the government's position that this holding may indeed signal a future in which risk-based assessments of conduct contained in other statutes, like the statute at issue here, may be deemed unconstitutional by the Supreme Court. The Court also agrees with the government that such a signal is not the same as a right "newly recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3).

Petitioner was not sentenced as an armed career criminal under the ACCA, 18 U.S.C. § 924(e). He was sentenced under § 924(c), which *Johnson* did not address, let alone invalidate. *Johnson* does not afford Petitioner any relief from his sentence. Because that case is inapplicable, Petitioner's motion, filed over a year after his sentence and conviction became final, is untimely.

The supplemental authority offered by Petitioner is likewise inapplicable. In that case, *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court concluded that "a

4

credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar" like untimeliness. 133 S. Ct. at 1931. Here, Petitioner's motion makes no mention, let alone a credible showing, of actual innocence. *McQuiggin* does not relieve Petitioner from § 2255's one-year limitations period.

## CONCLUSION

For the reasons discussed above, it is **ORDERED AND ADJUDGED** that:

1. Petitioner Gabriel J. Brown, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DISMISSED.

2. The Clerk is directed to deny all pending motions and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. 90 in the underlying criminal case, case number 8:13-cr-108-T-30MAP.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

5

484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).  Petitioner has failed to meet this burden.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on this 12th day of October 12, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record